FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ APR 08 2010 ★

BROOKLYN OFFICE

Jeffrey S. Dubin (JD-0446)
Attorney for Plaintiffs
464 New York Avenue
Suite 100
Huntington, NY 11743
(631) 351-0300
(631) 351-1900 FAX
DubinJS@cs.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SHEET METAL WORKERS' NATIONAL
PENSION FUND; NATIONAL ENERGY
MANAGEMENT INSTITUTE COMMITTEE
FOR THE SHEET METAL AND AIR
CONDITIONING INDUSTRY; SHEET METAL
OCCUPATIONAL HEALTH INSTITUTE
TRUST; INTERNATIONAL TRAINING
INSTITUTE FOR THE SHEET METAL AND
AIR CONDITIONING INDUSTRY; and
NATIONAL STABILIZATION AGREEMENT
OF THE SHEET METAL INDUSTRY FUND,

        Plaintiffs,

-against-

STEEL & DUCT FABRICATIONS, INC.;
JT & T AIR CONDITIONING CORP.; and
JAMES MIKHAIL, as an individual,

        Defendants.

------------------------------------------------------------x

**CV 10 - 1576**

CIVIL ACTION NO.

ECF CASE

COMPLAINT

MATSUMOTO, J.

POHORELSKY, M.J.

Plaintiffs, complaining of the defendants, by their attorney, JEFFREY S. DUBIN,

allege as follows:

    1.    This is an action by five employee benefit plans to enforce the obligations of

the defendants to make contributions to these plans and for interest, additional interest, reasonable attorney's fees and costs of action. This action also seeks to reclaim property of the plans that has been converted by the defendants and to remedy breaches of fiduciary obligations and prohibited transactions of the defendants. The jurisdiction of this Court is invoked under Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132.

2.      Sheet Metal Workers' National Pension Fund ("Pension Fund"); National Energy Management Institute Committee For The Sheet Metal and Air Conditioning Industry ("NEMIC"); Sheet Metal Occupational Health Institute Trust ("SMOHIT"); International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"); and National Stabilization Agreement of the Sheet Metal Industry Fund ("SASMI"), are and were employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

3.      Upon information and belief, defendants, STEEL & DUCT FABRICATIONS, INC and JT & T AIR CONDITIONING CORP., ("corporate defendants") are and were corporations, incorporated under the laws of the State of New York. Corporate defendants are and were an employers within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

4.      At all times relevant hereto, corporate defendants have been doing business in this district within the meaning of 28 U.S.C. § 1391.

*Page Number -2-*

5.     Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2).

6.     Upon information and belief, corporate defendants are affiliated entities alter egos; a single employer within the meaning of section 3(37)(B) of ERISA, 29U.S.C. §1002(37)(B); a single employer within the meaning of Section 3(40)(B)of ERISA, 29U.S.C. §1002(40)(B).

7.     Heretofore, corporate defendants entered into contracts which, *inter alia*, provided for contributions by corporate defendants to the Pension Fund and NEMIC, and SMOHIT, and ITI and SASMI (all of which are hereinafter called the "Benefits Funds") for certain hours worked by participants employed by said corporate defendants. The Benefits Funds are third party beneficiaries of said contract.

8.     Said contracts incorporate by reference the provisions of the Agreements and Declarations of Trust of the Benefits Funds. The contracts further provide that said Agreements and Declarations of Trust and the interpretations of these documents by the respective Boards of Trustees of the Benefits Funds are binding upon the defendants.

9.     Said Contracts, *inter alia*, provide that "contributions are considered assets of the respective Funds and title to all monies paid into and/or due and owing said Funds shall be vested in and remain exclusively in the Trustees of the respective Funds. The Employer shall have no legal or equitable right, title or interest in or to any sum paid by or due from the Employer."

10.     Pursuant to said contracts, corporate defendants employed persons who

were participants in the Benefits Funds within the meaning of Section 3(7) of ERISA, 29

U.S.C. § 1002(7), while said contracts were in full force and effect.

11.   Pursuant to said contracts, corporate defendants are required to make

contributions to plaintiffs for the period November 1, 2009 through February 28, 2010.

12.   Defendant, JAMES MIKHAIL, ("individual defendant") IS the principal

owner of corporate defendants. Upon information and belief, the individual defendant

exercises control over the activities and operations of corporate defendants and

determines whether or not corporate defendants make contributions to the Benefits

Funds.

AS AND FOR A FIRST CLAIM FOR RELIEF<br>ON BEHALF OF PLAINTIFF PENSION FUND

13.   Plaintiff Pension Fund repeats and realleges each and every allegation set

forth in paragraphs 1 through 12.

14.   Corporate defendants have failed and refused and continue to refuse to pay

to plaintiff the amounts owed to plaintiff in breach of the terms of the Agreement and

Declaration of Trust of the Pension Fund and in violation of the provisions of Section 515

of ERISA, 29 U.S.C. § 1145; upon information and belief, said amounts are as set forth

hereinafter, no part of which has been paid, although duly demanded.

AS AND FOR A SECOND CLAIM FOR<br>RELIEF ON BEHALF OF PLAINTIFF NEMIC

15.   Plaintiff NEMIC repeats and realleges each and every allegation set forth in

*Page Number -4-*

paragraphs 1 through 12.

16.    Corporate defendants have failed and refused and continue to refuse to pay to plaintiff the amounts owed to plaintiff in breach of the terms of the Agreement and Declaration of Trust of NEMIC and in violation of the provisions of Section 515 of ERISA, 29 U.S.C. § 1145; upon information and belief, said amounts are as set forth hereinafter, no part of which has been paid although duly demanded.

## AS AND FOR A THIRD CLAIM FOR
## RELIEF ON BEHALF OF PLAINTIFF SMOHIT

17.    Plaintiff SMOHIT repeats and realleges each and every allegation set forth in paragraphs 1 through 12.

18.    Corporate defendants have failed and refused and continue to refuse to pay to plaintiff the amounts owed to plaintiff in breach of the terms of the Agreement and Declaration of Trust of SMOHIT and in violation of the provisions of Section 515 of ERISA, 29 U.S.C. § 1145; upon information and belief, said amounts are as set forth hereinafter, no part of which has been paid although duly demanded.

## AS AND FOR A FOURTH CLAIM FOR
## RELIEF ON BEHALF OF PLAINTIFF ITI

19.    Plaintiff ITI repeats and realleges each and every allegation set forth in paragraphs 1 through 12.

20.    Corporate defendants have failed and refused and continue to refuse to pay

to plaintiff the amounts owed to plaintiff in breach of the terms of the Agreement and

Declaration of Trust of ITI and in violation of the provisions of Section 515 of ERISA, 29

U.S.C. § 1145; upon information and belief, said amounts are as set forth hereinafter, no

part of which has been paid although duly demanded.

AS AND FOR A FIFTH CLAIM FOR
RELIEF ON BEHALF OF PLAINTIFF SASMI

21.     Plaintiff SASMI repeats and realleges each and every allegation set forth in

paragraphs 1 through 12.

22.     Corporate defendants have failed and refused and continue to refuse to pay

to plaintiff the amounts owed to plaintiff in breach of the terms of the Agreement and

Declaration of Trust of SASMI and in violation of the provisions of Section 515 of

ERISA, 29 U.S.C. § 1145; upon information and belief, said amounts are as set forth

hereinafter, no part of which has been paid although duly demanded.

AS AND FOR A SIXTH CLAIM FOR
RELIEF ON BEHALF OF THE BENEFITS FUNDS

23.     Plaintiffs Benefits Funds repeat and reallege each and every allegation set

forth in paragraphs 1 through 22.

24.     By failing and refusing to turn over to the Benefits Funds the contributions,

which are the property of the Benefits Funds, the corporate defendants and the individual

defendant have converted the property of the Benefits Funds.

25.     Said defendants must singly and jointly disgorge to the Benefits Funds said

*Page Number -6-*

converted assets in the amounts as are set forth hereinafter, no part of which has been paid although duly demanded.

## AS AND FOR A SEVENTH CLAIM FOR
## RELIEF ON BEHALF OF THE BENEFITS FUNDS

26.     Plaintiffs Benefits Funds repeat and reallege each and every allegation set forth on paragraphs 1 through 25.

27.     By exercising authority and/or control over assets belonging to the Benefits Funds, the corporate defendants and the individual defendant are fiduciaries with respect to the Benefits Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

28.     By retaining assets of the Benefits Funds for their own use, said fiduciaries have breached the fiduciary obligations owed to the Benefits Funds and committed prohibited transactions within the meaning of Part 4 of Subchapter I of Chapter 18 of Title 29 of the United States Code, 29 U.S.C. § 1101 *et seq.*

29.     Said defendants are singly and jointly and individually liable to make restitution to the Benefits Funds in the amounts as are set forth hereinafter, no part of which has been paid although duly demanded.

WHEREFORE, plaintiffs demand judgment in accordance with ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2):

1.     On the First Claim for Relief in favor of plaintiff Pension Fund and

*Page Number -7-*

against corporate defendants in the amount of $31,911.00.

      2.     On the Second Claim for Relief in favor of plaintiff NEMIC and against corporate defendants in the amount of $99.00.

      3.     On the Third Claim for Relief in favor of plaintiff SMOHIT and against corporate defendants in the amount of $66.00.

      4.     On the Fourth Claim for Relief in favor of plaintiff ITI and against corporate defendants in the amount of $396.00.

      5.     On the Fifth Claim for Relief in favor of plaintiff SASMI and against corporate defendants in the amount of $8,118.00.

      6.     In accordance with Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), awarding plaintiffs on the foregoing claims for relief against corporate defendants:

      a.     interest of 8½% on said unpaid contributions pursuant to ERISA Section 502(g)(2)(B) and (E), 29 U.S.C. §§ 1132(g)(2)(B) and (E) from the first day of the month when payment was due, to the date when payment is made.

      b.     additional interest of 20% on said unpaid contributions pursuant to ERISA Section 502(g)(2)(C) and (E), 29 U.S.C. §§ 1132(g)(2)(C) and (E).

      c.     reasonable attorneys fees and costs of the action pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

7.     On the Sixth Claim for Relief in favor of plaintiffs Benefits Funds and against corporate defendants and the individual defendant, jointly and severally, in the amount of $40,590.00, plus interest and costs.

8.     On the Seventh Claim for Relief in favor of plaintiffs Benefits Funds and against corporate defendants and the individual defendant, jointly and severally:

a.     in the amount of $40,590.00;

b.     plus reasonable attorney's fees and costs pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1);

c.     Plus interest,

AND, for such other, further and different relief under ERISA, as this Court deems appropriate.

Dated: April 1, 2010

Jeffrey S. Dubin (JD-0446)
Attorney for Plaintiffs
464 New York Avenue
Suite 100
Huntington, NY 11743
(631) 351-0300
(631) 351-1900 FAX
DubinJS@cs.com


To:     Defendants (Fed.R.Civ.P. § 4)
        United States District Court (Fed.R.Civ.P. § 3)

*Page Number -9-*

Secretary of Labor-by Cert. Mail (29 U.S.C. § 1132(h)
RRR#: 7008 0500 0001 6451 1493
Secretary of Treas.-by Cert. Mail (29 U.S.C. § 1132(h)
RRR#: 7008 0500 0001 6451 1509